IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY TAWNEY, JR. | ) | Case No: |
| c/o Kenneth D. Myers, Esq. | | |
| 6100 Oak Tree Blvd., Suite 200 | | |
| Cleveland, OH 44131 | ) | |
| | | |
|    Plaintiff, | ) | |
| | | |
| | ) | JUDGE: |
| -vs- | | |
| | ) | |
| | | |
| PORTAGE COUNTY, OHIO | ) | |
| 8240 Infirmary Road | | |
| Justice Center | ) | |
| Ravenna, OH 44266 | | |
| | ) | |
| and | | |
| | ) | |
| SHERIFF DAVID DOAK | | |
| In his official and individual | ) | <u>COMPLAINT WITH</u> |
| capacities, | | <u>JURY DEMAND</u> |
| 8240 Infirmary Road | ) | |
| Justice Center | | |
| Ravenna, OH 44266 | ) | |
| | | |
| and | ) | |
| | | |
| DALE KELLY | ) | |
| In his official and individual | | |

-1-

capacities,                                    )
8240 Infirmary Road
Justice Center                                 )
Ravenna, OH 44266
                                               )
and
                                               )
ROBERT SYMSEK
In his official and individual                 )
capacities
8240 Infirmary Road                            )
Justice Center
Ravenna, OH 44266                              )

and                                            )

JOHN HOSTLER                                   )
In his official and individual
capacities,                                    )
8240 Infirmary Road
Justice Center                                 )
Ravenna, OH 44266
                                               )
and
                                               )
DEREK MCCOY
In his official and individual                 )
capacities,
8240 Infirmary Road                            )
Justice Center
Ravenna, OH 44266                              )

and                                            )

MIKE SKILTON                                   )
In his official and individual
capacities,                                    )

-2-

8240 Infirmary Road
Justice Center                              )
Ravenna, OH 44266

                                             )

and

                                             )

CIRCE HARTMAN
In his official and individual              )
capacities,
8240 Infirmary Road                         )
Justice Center
Ravenna, OH 44266                           )

and                                         )

JASON JOY                                   )
In his official and individual
capacities,                                 )
8240 Infirmary Road
Justice Center                              )
Ravenna, OH 44266

                                             )

and

                                             )

DAN SMITH                                   
In his official and individual             )
capacities,
8240 Infirmary Road                         )
Justice Center                             )
Ravenna, OH 44266

                                             )

and

                                             )

SUSANNE SATTLER
In her official and individual             )
capacities,
8240 Infirmary Road                         )

Justice Center
Ravenna, OH 44266                              )

and                                             )

BILL BURNS                                      )
In his official and individual
capacities,                                     )
8240 Infirmary Road
Justice Center                                  )
Ravenna, OH 44266
                                                )
and
                                                )
DOUG DRAKE
In his official and individual                  )
capacities,
8240 Infirmary Road                             )
Justice Center
Ravenna, OH 44266                              )

and                                             )

VINCE LOMBARDO                                  )
In his official and individual
capacities,                                     )
8240 Infirmary Road
Justice Center                                  )
Ravenna, OH 44266

and                                             )

JUSTIN SCHIFKO                                  )
In his official and individual
capacities,                                     )
8240 Infirmary Road
Justice Center                                  )

Ravenna, OH 44266

        )

and

        )

BRYAN MORGANSTERN
In his official and individual     )
capacities,
8240 Infirmary Road     )
Justice Center
Ravenna, OH 44266     )

and     )

CLAUDETTE MCCULLOUGH     )
In her official and individual
capacities,     )
8240 Infirmary Road
Justice Center     )
Ravenna, OH 44266
    )
and
    )
JANICE CLARK
In her official and individual     )
capacities,
8240 Infirmary Road     )
Justice Center
Ravenna, OH 44266     )

and     )

MATT HOLBROOK     )
In his official and individual
capacities,     )
8240 Infirmary Road
Justice Center     )
Ravenna, OH 44266

-5-

)

and

)

CHAY VUE
In his official and individual          )
capacities,
8240 Infirmary Road                     )
Justice Center
Ravenna, OH 44266                       )

and                                     )

BARRY THRUSH                            )
In his official and individual
capacities,                             )
8240 Infirmary Road
Justice Center                          )
Ravenna, OH 44266
                                        )
and

                                        )
CAMERON STOCKLEY
In his official and individual          )
capacities,
8240 Infirmary Road                     )
Justice Center
Ravenna, OH 44266                       )

and                                     )

SHAWN LANSINGER                         )
In his official and individual
capacities,                             )
8240 Infirmary Road
Justice Center                          )
Ravenna, OH 44266
                                        )

-6-

and

)

ERIC NOELL
In his official and individual                )
capacities,
8240 Infirmary Road                           )
Justice Center
Ravenna, OH 44266                             )

and                                           )

ERICA JARVIS                                  )
In her official and individual
capacities,                                   )
8240 Infirmary Road
Justice Center                                )
Ravenna, OH 44266
                                              )
and
                                              )
AUSTIN WILSON
In his official and individual                )
capacities,
8240 Infirmary Road                           )
Justice Center
Ravenna, OH 44266                             )

    Defendants.                              )


## INTRODUCTION

    1.  This is an action brought by a private citizen against a public entity and

numerous public employees for violations of plaintiff's constitutional and

common-law rights, under color of law.  The complaint seeks compensatory and

punitive damages.

## JURISDICTION AND VENUE

2. Jurisdiction is invoked pursuant to 28 U.S.C. Section 1331 and 1341(3) and (4). Claims are asserted pursuant to the Eighth Amendment to the U.S. Constitution, 20 U.S.C. Section 1681, 42 U.S.C. Sections 1983 and 1988. Supplemental state claims are asserted pursuant to 28 U.S.C. Section 1367 and state common law. Venue is proper pursuant to 20 U.S.C. Section 1391(b) because the defendants are located within the jurisdiction of the Northern District of Ohio.

## PARTIES

3. Plaintiff LARRY TAWNEY, JR. is an adult who at all relevant times was an inmate of the Portage County Jail at 8240 Infirmary Road, Ravenna, OH 44266, Ohio within the Northern District of Ohio.

4. Defendant PORTAGE COUNTY, OHIO was at all relevant times the governmental entity charged with enforcing the laws of the United States, the state of Ohio and Portage County, Ohio, including the United States Constitution, all state statutes, interpretations of those statutes, and the laws and procedures

-8-

governing the operation of the Portage County Jail.  Defendant Portage County is also responsible for training all of its employees on all methods and procedures for carrying out their duties in a manner that is consistent with the United States Constitution and all federal and state statutes and laws.

5.  Defendant SHERIFF DAVID DOAK was at all relevant times a full-time employee of defendant Portage County, Ohio, serving in the capacity of Sheriff. In that capacity, he is responsible for the implementation of all official governmental laws, policies, regulations and procedures as they relate to his duties as the Sheriff of Portage County. At all relevant times, defendant Doak was acting within the course and scope of his employment and under color of law.  Defendant Doak is sued in his official and individual capacities.

6.  Defendants DALE KELLY, ROBERT SYMSEK, JOHN HOSTLER, DEREK MCCOY, MIKE SKILTON, CIRCE HARTMAN, JASON JOY, DAN SMITH, SUSANNE SATTLER, BILL BURNS, DOUG DRAKE, VINCE LOMBARDO, JUSTIN SCHIFKO, BRYAN MORGANSTERN, CLAUDETTE MCCULLOUGH, JANICE CLARK, MATT HOLBROOK, CHAY VUE, BARRY THRUSH,  CAMERON STOCKLEY, SHAWN LANSINGER, ERIC NOELL, ERICA JARVIS and AUSTIN WILSON were at all relevant times full- or parti-time employees of defendant Portage County, Ohio, serving in the

capacities of Sheriff's Deputies or Corrections Officers (COs) in the Portage County Jail.  In those capacities, they are responsible for the implementation of all official governmental laws, policies, regulations and procedures as they relate to their duties as Sheriff's Deputies or  COs for the Portage County Sheriff's Department.  These defendants are sued in their official and individual capacities.

## FACTS

7.  On July 12, 2018, plaintiff was a detainee at the Portage County Jail, having that day been convicted of several offenses and sentenced in Portage County Common Pleas Court. Plaintiff had been taken to the Portage County Jail to await transport to the Lorain Correctional Institution (LCI) to begin processing into the state prison system.

8.  He was in housing unit CM4 at the Portage County Jail.

9.  Some time between the hours of 10 p.m. on July 12, 2018 and 5 a.m. on July 13, 2018, several of the defendants entered plaintiff's cell and physically attacked him, kicking him in the head and body to the point where plaintiff lost consciousness.  It was impossible for plaintiff to determine which of the defendants assaulted him because the attackers rendered him unconscious and concealed their identities by wearing face-covering caps and dark outfits.

-10-

10.  As a result of this unprovoked attack, plaintiff sustained numerous injuries, including severe lacerations to his face, which required stitches, a dislocated jaw, internal injuries, including internal bleeding and blood clotting,

11.  After the assault, instead of transporting plaintiff to LCI in the normal course of transporting detainees, plaintiff was taken to LCI early in the morning in what is known as an "emergency ride-out" to conceal plaintiff's injuries from the day-time staff.

12.  Plaintiff's injuries required treatment at both Portage County and LCI, but the treatment plaintiff received at Portage County was insufficient for his injuries.

13.  Both plaintiff and his mother complained to Portage County officials about the beating, and requested additional medical treatment, but officials at the jail and in the Sheriff's office and in the Portage County Commissioners' office have failed to take any action and in fact, have denied that any such incident occurred.

14.  The defendants failed to document any assault on plaintiff or to explain how it was that he came to the jail infirmary to be treated with stitches.

15.  When representatives of plaintiff requested any and all records relating to plaintiff's one-night stay at the Portage County Jail, including surveillance

video tapes, the defendants, by information and belief, destroyed the videotapes that would have shown what happened to plaintiff but at any rate did not make such tapes available to plaintiff or his representatives.

16.  The unprovoked assault on plaintiff and the coverup of the assault were part of a custom and policy of employees of the Portage County Jail of beating and otherwise abusing detainees and prisoners by starving them, torturing them, depriving them of medical care and other barbarities.

17.  This custom and policy of Portage County jail employees beating and abusing detainees and prisoners is well-known and accepted by supervisors of the Portage County Jail, by the Sheriff, and by the Portage County Commissioners.

18.  Approximately twenty (20) detainees and inmates have written sworn statements describing beatings and other forms of abuse by jail employees and supervisors.

19.  These sworn statements have been given to jail officials and to the Portage County Commissioners, but by information and belief, nothing has ever been done to investigate these complaints, to discipline jail employees or officials, to implement or enforce policies to discourage such abuses or to attempt to prevent future abuses.

20.  Many of the incidents described in the twenty (20) or so affidavits

occurred prior to the incident involving plaintiff.

21.  Had the leadership of the Portage County Sheriff's office or the Portage County Commissioners taken action to investigate and thwart such abuses when they first became aware of such abuses, the attack on plaintiff might not have occurred.

22.  With the exception of Sheriff Doak and defendant Kelly, who was, by information and belief, the Chief Deputy of Sheriff Doak, all other individual defendants were, by information and belief, on duty at the jail during the time plaintiff was at the jail and either participated in the beating, witnessed the beating, failed to stop the beating, failed to report it or were involved with covering it up.

23.  Once he arrived at LCI, plaintiff continued to complain about his injuries.

24.  By information and belief, no serious investigation was done into plaintiff's complaint of a vicious assault.

25.  Over the next several months after the assault on plaintiff, representatives of plaintiff contacted the Portage County Sheriff's office on numerous occasions and requested that any surveillance or other video or audio tapes be preserved and requested all records pertaining to plaintiff.

26.  By information and belief, despite the fact that plaintiff complained throughout the night and early morning after the assault, despite the fact that plaintiff's mother complained to the Sheriff, despite the fact that plaintiff continued to complain once he arrived at LCI, defendant Portage County and defendant Sheriff Doak failed to take any action on the complaints or to preserve the jail's surveillance tapes.

27.  Defendant Portage County, Ohio is responsible for the training of its employees, including its law enforcement and corrections employees, in constitutional law as it pertains to lawful treatment of detainees and arrestees, proper use of force during detention, proper report-writing and proper and truthful communications with supervisors and the public.  The incident described above is the result of improper, insufficient and ineffective training of law enforcement and corrections employees by Portage County, Ohio, which rises to the level of a constitutional violation of defendants Portage County, Ohio's  duty to maintain constitutional policies and practices.  As a direct result of this improper, insufficient and ineffective training, plaintiff suffered and continues to suffer physical and emotional distress injuries, and loss of his constitutional rights.

28.  The actions and inactions of Portage County, Ohio, in failing to train its employees regarding the proper use of force, in failing to train its  employees in

dealing truthfully and honestly with citizens and supervisors,, in failing to have proper procedures in place to prevent improper treatment of individuals in detention and to discipline employees who violate prisoners' rights, in failing to properly monitor, oversee and supervise its corrections officers, in failing to properly investigate obviously improper and excessive uses of force, and in failing to properly discipline officers who commit civil rights violations, constitute violations of plaintiff's civil rights in the ways enumerated above.

## COUNT I

29.  Plaintiff reasserts the foregoing as if fully rewritten herein.

30.  The actions of all defendants, acting under color of law and within the course and scope of their employment as law enforcement and/or corrections officers, in using excessive force against plaintiff, in witnessing excessive force without objecting, in deleting and destroying the Portage County Jail surveillance video, in lying on official police reports, in lying to supervisors, in covering up the abusive conduct against plaintiff, constitute violations of plaintiff's right to be free from cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution under 42 U.S.C. Section 1983.

31.  As a direct result of the actions and conduct of the defendants, plaintiff

suffered and continues to suffer loss of his precious constitutional rights, pain and suffering and emotional distress.

## COUNT II

32.  Plaintiff reasserts the foregong as if fully rewritten herein.

33.  Defendants DALE KELLY, ROBERT SYMSEK, JOHN HOSTLER, DEREK MCCOY, MIKE SKILTON, CIRCE HARTMAN, JASON JOY, DAN SMITH, SUSANNE SATTLER, BILL BURNS, DOUG DRAKE, VINCE LOMBARDO, JUSTIN SCHIFKO, BRYAN MORGANSTERN, CLAUDETTE MCCULLOUGH, JANICE CLARK, MATT HOLBROOK, CHAY VUE, BARRY THRUSH,  CAMERON STOCKLEY, SHAWN LANSINGER, ERIC NOELL, ERICA JARVIS,  AUSTIN WILSON were at all relevant times the subordinates of defendant Sheriff Doak.

34.  As alleged herein, plaintiff's rights were violated by all defendants.

35.  Defendant Sheriff Doak was personally involved in the violation of plaintiff's rights by, among other things:

A)  Directly participating in the conduct of subordinate defendants by acquiescing to and failing to intervene to correct the actions of the subordinates once it was known that these actions were occurring.

B)  Failing to properly train his subordinates, including the named individual defendants, on topics including but not limited to proper use of force measures, restraining inmates, requesting and providing medical care, proper and truthful report-writing and preservation of evidence, when the need for additional training was apparent throughout their actions and inactions, creating a policy, practice or custom in which violations occurred.

C)  Consistently failing to supervise and train his subordinates, including the named individual defendants, such that the violation of a citizen's rights were highly predictable under the usual and recurring circumstances and which did occur against plaintiff in the manner predicted.

D)  Remaining deliberately indifferent to and consciously disregarding the rights of citizens and civilians by failing to act on information that Constitutional rights were being violated.

36.  As a direct and proximate result of defendant Sheriff Doak's failure to supervise and train his subordinates, and in participating in his course of conduct, plaintiff suffered and continues to suffer the loss of his constitutional rights, physical pain and suffering and emotional distress.


## COUNT III

37.  Plaintiff reasserts the foregoing as if fully rewritten herein.

38.  On July 12, 2018, the individual defendants who were not directly involved in the assault of plaintiff witnessed the attack on plaintiff and/or the aftermath.

39.  These defendants were aware, or should have been aware, that the force being utilized against plaintiff was excessive in nature and amounted to a constitutional violation.

40.  As such, these defendants violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

41.  As a direct and proximate result of defendants' failure to intervene to stop or minimize the duration and effects of the assault on plaintiff, plaintiff suffered and continues to suffer loss of his constitutional rights, physical pain and suffering and emotional anguish and distress.


COUNT IV

42.  Plaintiff reasserts the foregoing as if fully rewritten herein.

43.  After the excessive use of force inflicted upon plaintiff by defendants, as described above, the defendants knew or should have known that plaintiff had been physically injured and that he required immediate medical attention.

44.  Plaintiff was entitled to receive appropriate medical care and defendants were required to secure appropriate medical attention for him.

45.  None of the defendants, despite their legal obligations, responded to plaintiff's emergency medical needs. The medical care that plaintiff eventually received was inadequate and constituted deliberate indifference to his medical needs.

46.  The defendants interfered with plaintiff obtaining necessary medical care and as such, their conduct in this regard was willful, wanton, reckless and malicious and constituted violations of plaintiff's constitutional rights.

47.  Defendants were deliberately indifferent to plaintiff's serious medical needs in violation of his rights as protected by the Eighth Amendment to the U.S. Constitution.

48.  Plaintiff did not receive appropriate or adequate care or treatment or medical attention for the injuries inflicted upon him and as a direct and proximate result sustained physical pain and emotional and mental anguish.


<u>COUNT V</u>

49.  Plaintiff reasserts the foregoing as if fully rewritten herein.

50.  The actions and inactions of the individual defendants, in failing to

report the assault on plaintiff and thereby falsifying official governmental documents, constitute violations of plaintiff's Eighth Amendment rights.

51.  As a direct and proximate result of the violation of his rights, plaintiff has suffered and continues to suffer the loss of his constitutional rights and emotional distress and mental anguish.

## COUNT VI

52.  Plaintiff reasserts the foregoing as if fully rewritten herein.

53.  The actions and inactions of defendant Portage County, in permitting and acquiescing to the assault on plaintiff, in failing to properly train and supervise the individual defendants in proper use of force and other procedures enumerated above, in failing to investigate prior assaults on other inmates and detainees, in failing to implement policies designed to prevent such assaults and abuses of prisoners and detainees, constitute a pattern and custom of tolerating violations of the rights of inmates of the Portage County Jail and constitute violations of the obligations of defendant Portage County to maintain lawful policies, practices and procedures pursuant to Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

54.  As a direct result of the actions and conduct of the defendant, plaintiff

suffered and continues to suffer loss of his precious constitutional rights, physical pain and suffering and  emotional distress.

<u>COUNT VII</u>

55.  Plaintiff reasserts the foregoing as if fully rewritten herein.

56.  The actions of the individual defendants,  in using excessive force against plaintiff, in failing to investigate, in destroying and/or deleting videotape and/or other evidence, in failing to adequately and timely give plaintiff medical care, and other actions or inactions described above and yet to be discovered, constitute intentional infliction of emotional distress in violation of the common law of the state of Ohio.

57.  As a direct result of the actions and conduct of the defendants, plaintiff suffered and continues to suffer physical pain and suffering, emotional distress and mental anguish.

WHEREFORE, plaintiff asks that this Court order the following relief:

A) Declare that the acts and conduct of all defendants constitute violations of plaintiff's constitutional and/or common law rights;

B) Grant to the plaintiff and against all defendants, jointly and severally, appropriate compensatory damages;

C) Grant to the plaintiff and against the individual defendants, appropriate punitive damages;

D) Grant to the plaintiff and against all defendants appropriate attorneys' fees and costs;

E) Grant to the plaintiff and against all defendants whatever other relief the Court deems appropriate.

Respectfully submitted,

/s/Kenneth D. Myers
KENNETH D. MYERS [0053655]
6100 Oak Tree Blvd., Suite 200
Cleveland, OH 44131
(216) 241-3900
(440) 498-8239  Fax
kdmy@aol.com

Counsel for plaintiff

<u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury.

/s/Kenneth D. Myers
KENNETH D. MYERS

Counsel for plaintiff

-22-